```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

         -against-                          MEMORANDUM & ORDER
                                            14-CR-0264(JS)
TYSHAWN GITTO,

                         Defendant.
----------------------------------------X
APPEARANCES
For United States:    Michael R. Maffei, Esq.
                      Christopher C. Caffarone, Esq.
                      Nicole Boeckmann, Esq.
                      Madeline M. O'Connor, Esq.
                      U.S. Attorney's Office
                      Eastern District of New York
                      610 Federal Plaza
                      Central Islip, New York 11722

For Defendant:        Tyshawn Gitto, pro se
                      85362-053
                      U.S. Penitentiary Canaan
                      P.O. Box 300
                      Waymart, Pennsylvania 18472
```

SEYBERT, District Judge:

Defendant Tyshawn Gitto ("Defendant"), proceeding pro se, seeks a modification of his sentence from incarceration to home confinement pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), in light of health concerns surrounding the COVID-19 pandemic.  (Mot., D.E. 630; Reply, D.E. 658.)  The Government opposes the motion.  (Opp., D.E. 631.)  For the reasons set forth below, the motion is DENIED.

BACKGROUND

As relevant here, Defendant, along with his co-defendants and as members of the Crips street gang, was charged with shooting at and wounding members of a rival street gang. (See Superseding Indict. (S-5), D.E. 120.)  On December 5, 2015, Defendant pled guilty to assault in aid of racketeering (18 U.S.C. § 1959(a)(3)), discharge of a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A)(iii)), and possession of a firearm as a person previously convicted of a crime punishable by a term of imprisonment exceeding one year (18 U.S.C. § 922(g)(1)).  (See Superseding Indict. (S-5); Dec. 4, 2015 Min. Entry, D.E. 175.)  On November 4, 2016, the Court sentenced Defendant to a term of 156 months (13 years) incarceration.[1]  (Nov. 4, 2016 Min. Entry, D.E. 386; Judgment, D.E. 387.)  The Court recommended that Defendant receive credit for the 20 months and one week he served in state custody.  (Judgment at 2.)  When including the 20-month credit, to date, Defendant has served a little over 5 years, roughly 40% percent of his sentence.

Defendant is incarcerated at the United States Penitentiary Canaan ("USP Canaan"), a high security penitentiary in Waymart, Pennsylvania.  As of July 28, 2020, USP Canaan reports that one inmate is currently COVID-19 positive and four staff

---

[1] Although he is currently proceeding pro se, Defendant was represented by counsel at the time of his plea and sentencing.

members have recovered. See BOP.gov, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited July 29, 2020). Defendant did not submit a formal request for compassionate release to the Warden at USP Canaan but states that he spoke with the Warden who denied compassionate release because Defendant had "violence on [his] record and because [he] is in a penitentiary." (Reply at 1.) On or around May 4, 2020, Defendant filed the pending motion.

DISCUSSION

I. Legal Standard

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

II. Analysis

The Court is currently constrained to deny the motion given that Defendant does not provide documentation of his request for compassionate release to the Warden at USP Canaan. See U.S. v. Sosa, No. 18-CR-0229, 2020 WL 4252683, at *1 (S.D.N.Y. July 24, 2020) (collecting cases); see also Opp. at 5-9. While this Court has, on another occasion, waived 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement, it did so where the circumstances clearly indicated that "strict enforcement would not serve the Congressional objective of allowing meaningful and prompt judicial review." U.S. v. Sanchez, No. 18-CR-0140, 2020 WL 1933815, at *4-5 (D. Conn. Apr. 22, 2020) (collecting cases); see U.S. v. Cohen, No. 17-CR-0372, 2020 WL 3960513, at *2 (E.D.N.Y. July 13, 2020) (Seybert, J.) (waiving exhaustion requirement where strict compliance with Section 3582(c)(1)(A) rendered exhaustion futile given the defendant's anticipated release date).

Unlike Cohen, here, not only are there are no time constraints that would render exhaustion futile, but Defendant does not provide the Court with the "documentation necessary to show either that he has exhausted his administrative remedies with the BOP or that thirty days have elapsed since the warden received his request for relief." U.S. v. Mathis, No. 02-CR-0891, 2020 WL 550645, at *1 (E.D.N.Y. Feb. 4, 2020); Cohen, 2020 WL 3960513, at *1-2. "Absent proof that such a request was made, the Court cannot

4

verify that [Defendant] has exhausted his administrative remedies" and the Court is "thus powerless to act." Sosa, 2020 WL 4252683, at *1. Defendant may renew his motion if he attaches documentation proving that he satisfied the exhaustion requirements.

Although not required, the Court turns to the merits of the motion. Defendant, who is Black and currently 28 years old, asks to serve the remainder of his sentence on the condition of home confinement arguing that he is "in fear" of catching COVID-19 because it is "impacting the [B]lacks and [B]rowns at an alarming rate." (Mot. at 1.) Defendant has not submitted any medical reports detailing physical illnesses or underlying conditions. In further support of his motion, however, Defendant notes that he has served "well over 50%" of his sentence, has received his G.E.D. and completed various programs, has not been the subject of any incident reports, and "found himself" while incarcerated. (Mot. at 1-2.) Defendant also argues that he is more likely to contract COVID-19 while at USP Canaan citing its "poor medical system" and representing that "not one person" in his unit has been tested for the virus despite the presence of certain symptoms consistent with COVID-19. (Reply at 1-2.)

As noted by other courts in this Circuit, "COVID-19 presents a great danger to this country's prison populations, especially given the worrying rate of growth of the COVID-19 pandemic nationally. Still, the [C]ourt maintains its position

5

'that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease.'" U.S. v. Donato, No. 03-CR-0929, 2020 WL 3642854, at *2 (E.D.N.Y. July 6, 2020) (quoting U.S. v. Nwankwo, No. 12-CR-0031, 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020)).

As stated, Defendant does not allege that he suffers from any medical or underlying conditions that place him at high risk of contracting COVID-19. Rather, he understandably fears contracting COVID-19 while at USP Canaan. However, "[s]uch a generalized fear, . . . does not constitute an extraordinary and compelling reason for compassionate release." U.S. v. Black, No. 12-CR-0103, 2020 WL 4192243, at *4-5 (W.D.N.Y. July 21, 2020) (collecting cases). Further, Defendant does not show "that the Bureau of Prisons is unable or unwilling to combat COVID-19 at his facility," especially given the low number of cases, both active and recovered, reported by USP Canaan. Id. at *5 (collecting cases); see Statistics cited supra. Accordingly, if Defendant "has serious underlying health conditions that might warrant release, he may raise them in a renewed motion upon compliance with the exhaustion requirements of Section 3582." Sosa, 2020 WL 4252683, at *2 (denying, without prejudice, motion for

6

compassionate release where defendant did not allege "any details to suggest he faces a greater risk than his fellow inmates at the MDC," such as "advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease.").

Finally, although Defendant has taken significant steps towards rehabilitation, the Court has considered the factors set forth in 18 U.S.C. § 3553(a) and finds that release to home confinement is not is not appropriate at this time.

## CONCLUSION

For the reasons stated, Defendant's motion for compassionate release (D.E. 630) is DENIED.  The Government is directed to mail a copy of this Memorandum and Order to the pro se Defendant at his address of record and file proof of service to the docket within fourteen (14) days.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: July  29 , 2020  
       Central Islip, New York